UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT LEGREND WALTERS,<br><br>                                  Petitioner,<br><br>v.<br><br>JEFF MACOMBER, Secretary, et al.,<br><br>                                  Respondents. | Case No.:  26-cv-00428-AJB-VET<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ habeas corpus pursuant to 28 U.S.C.A. § 2254 and paid the filing fee. (Doc. Nos. 1; 6.) Petitioner challenges his resentencing in San Diego County Superior Court Case No. SCD260844. (*See* Doc. No. 1-2 at 1.) As discussed below, the case must be dismissed because Petitioner has failed to allege exhaustion of state judicial remedies.

## DISCUSSION

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly

exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court has stated: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id*. at 366 (emphasis added).

Nowhere does Petitioner allege that the claims raised in his federal petition have been presented to the California Supreme Court. In fact, he specifically indicates he did not seek such review of the four claims raised. (*See* Doc. No. 1 at 6–9.) Because it is clear from the face of the petition that Petitioner has not raised any of his claims in the California Supreme Court, it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 518–22 (1982) (stating a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition).

Further, the Court cautions Petitioner a one-year period of limitation applies to petitions for writ of habeas corpus under 28 U.S.C. § 2254. The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

26-cv-00428-AJB-VET

28 U.S.C. § 2244(d)(1)(A)–(D).[1]

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the Petition without prejudice to refiling as new case after Petitioner has exhausted his claims in state court. Furthermore, the Court **DENIES** a certificate of appealability because reasonable jurists would not find this Court's dismissal debatable. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (stating a prisoner seeking a certificate of appealability must demonstrate jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further). The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  February 25, 2026

Hon. Anthony J. Battaglia
United States District Judge

---

[1] The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

26-cv-00428-AJB-VET